```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA


LONDON                                    CIVIL ACTION

VERSUS                                    NO: 14-1861

LEBLANC                                   SECTION: "J" (5)
```

### ORDER & REASONS

Before the Court is the Louisiana Department of Public Safety and Corrections (Department)'s *Motion for Summary Judgment* **(Rec. Doc. 24)** and Petitioner Kip London (Petitioner)'s opposition thereto. (Rec. Doc. 29) Having considered the motions and memoranda, the record, and the applicable law, the Court finds that the Department's motion should be **GRANTED** for the reasons set forth more fully below.

### FACTS AND PROCEDURAL BACKGROUND

On September 26, 1985, Petitioner was sentenced to twenty-five years' imprisonment following a conviction for armed robbery. Pursuant to Louisiana Revised Statute 15:571.14, Petitioner elected to receive double good time credits in lieu of incentive wages and executed a "Double Good Time Option and Approval Form" on December 18, 1987. Due to the heightened rate of good time accrual, petitioner became eligible for release by diminution of sentence on April 27, 1997, after serving half of his sentence. On June 10, 2009, Petitioner was arrested for violating a condition of his parole. Consequently, his good time

parole supervision was revoked on June 16, 2009, and he was returned to the Department's custody to serve the remainder of his sentence as calculated from the time of his good time release, or 12.5 years.

Petitioner filed a habeas petition on February 16, 2011, in the 19th Judicial District Court of the Parish of East Baton Rouge challenging, among other things, the alleged forfeiture of his earned good time credits upon the revocation of his release. The court dismissed Petitioner's action on June 21, 2012. Petitioner appealed, and the Louisiana Court of Appeal for the First Circuit affirmed. The Louisiana Supreme Court denied Petitioner's petition for review on March 1, 2014, and declined to reconsider the decision on May 16, 2014.[1]

On August 11, 2014, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[2] (Rec. Doc. 1) Petitioner challenges the alleged forfeiture of the good time he earned before being released on good time parole. Specifically, Petitioner alleges that the Department retroactively applied to his case Louisiana Revised Statute § 15:571.4, which did not come into effect until after he was

---

[1] The Department asserts that Petitioner "thus fully exhausted his state court remedies with regard to the claims presented [in the instant petition]." (Rec. Doc. 24-1, p. 2)

[2] Petitioner filed his petition with the U.S. District Court for the Western District of Louisiana; however, the Western District exercised its discretion to transfer the action to this Court on August 13, 2014. See 28 U.S.C. § 2241(d); (Rec. Doc. 2).

released on parole. This retroactive application resulted in the forfeiture of his good time credits and an unlawful extension of his sentence beyond the original twenty-five-year term. Petitioner alleges that the retroactive application of Louisiana Revised Statute 15:571.4 to his case violates the Ex Post Facto Clause. He further alleges that the loss of his good time credits resulted in the extension of his sentence from twenty-five to thirty-seven years without due process of law, in violation of the Fifth Amendment.

On November 20, 2014, the Department filed the instant *Motion for Summary Judgment*. **(Rec. Doc. 24)** Petitioner opposed the motion on December 12, 2014. The Department did not seek to file a reply.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." Delta & Pine Land Co.

3

v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. Little, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." Delta, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." Id. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts

4

showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See, e.g., id. at 325; Little, 37 F.3d at 1075.

## PARTIES' ARGUMENTS AND DISCUSSION

The Department argues that it is entitled to judgment as a matter of law on Petitioner's claim. The Department disputes Petitioner's contention that it retroactively applied Louisiana Revised Statute § 15:571.4 to him, resulting in the forfeiture of his good time credits. Rather, the Department asserts that it released Petitioner on good time parole pursuant to the applicable law in effect at that time, Louisiana Revised Statute § 15:571.5. Consequently, section 15:571.5 governed the terms of Petitioner's release. At the time of Petitioner's release, section 15:571.5 provided that if a parolee's parole was revoked for violation of the terms of parole, such parolee would be returned to the Department to serve the remainder of the original full term. Moreover, the Department argues that Petitioner did not "forfeit" the good time credits he earned prior to his release on good time parole, but merely used them to gain that early release.

In his opposition, Petitioner asserts that the Department unconstitutionally increased his sentence when it revoked Petitioner's release and recommitted him to serve the remainder

5

of his sentence as calculated from the time of his release on good time parole. Petitioner does not question the Department's assertion that it never retroactively applied section 15:571.4 to him. Petitioner contends that application of section 15:571.5 would only permit the Department to return him to custody for the "original full term," or until October 27, 2009. Petitioner does not raise any genuine issues of material fact.

Petitioner "is entitled to relief only if he can show ' . . . . that he is in custody in violation of the Constitution or laws or treaties of the United States.'" <u>Sweeney v. La. Dep't of Corr.</u>, No. 09-0324, 2009 WL 1674644, at *2 (W.D. La. June 15, 2009)(Foote, J.)(quoting 28 U.S. § 2254(a))(finding that federal habeas petitions "challenging parole revocations are properly brought under § 2254); <u>see also</u> <u>Malchi v. Thaler</u>, 211 F.3d 953, 956 (5th Cir. 2000)("State prisoners who allege that they were improperly denied good-conduct credit that, if restored, would have resulted in their immediate or sooner release from prison, fall under § 2254."). Petitioner argues that the Department violated his constitutional rights in retroactively applying a 2004 amendment to section 15:571.4, which authorized the forfeiture of good time credits upon the revocation of parole, to him. The Department, however, has shown that it recommitted Petitioner after revoking his release to serve the remainder of his original sentence in accordance with section 15:571.5.

6

Further, the Department did not violate Petitioner's constitutional rights in doing so.

As the Department noted, the law in effect at the time of a prisoner's release on good time parole governs the terms of release. Bancroft v. La. Dep't of Corr., 93-1135 (La. App. 1st Cir. 4/8/94), 635 So. 2d 738, 741. On December 18, 1987, Petitioner elected to receive double good time credits pursuant to Louisiana Revised Statute § 15:571.14, the statute in effect at that time. Section 15:571.14 was repealed in 1992. La. Acts 1991 No. 138 § 3. Section 15:571.5 was in effect at the time of Petitioner's release and, therefore, governs the terms of that release. The version of section 15:571.5 in effect at that time stated, "If [an offender's good time release] is revoked by the parole board for violation of the terms of parole, the person shall be recommitted to the department for the remainder of *the original full term*."[3] LA. REV. STAT. § 15:571.5 (1997)(amended 2010)(emphasis added). Accordingly, when Petitioner's release was revoked in 2009, he was recommitted to serve the remainder

---

[3] Petitioner suggests that this language means he could only be recommitted through his original release date, as calculated from the time of incarceration without accounting for the period of parole. This, however, would not satisfy the requirement that Petitioner serve the remainder of the original full term. If, following parole, he were returned only through the release date as calculated without accounting for the period of parole, he would not serve the original full term of his sentence. See Bancroft, 93-1135, 635 So. 2d at .740. The subsequent amendment to Louisiana Revised Statute § 15:571.5, which provides a credit for time spent on parole, further clarifies this point. See LA. REV. STAT. § 15:571.5 (2014)("If such person's parole is revoked by the parole committee for violation of the terms of parole, the person shall be recommitted to the department for the remainder of the original full term, subject to credit for time served for good behavior while on parole.").

7

of the original full sentence as calculated from the date of his release on good time parole. The Department properly applied the governing law to Petitioner.

Although Petitioner has not shown that application of Louisiana Revised Statute § 15:571.5 to him violated his constitutional rights, the Court further notes that the constitutionality of section 15:571.5 repeatedly has been upheld. Courts have rejected substantive due process and equal protection challenges, Frederick v. Ieyoub, 99-0616 (La. App. 1st Cir. 5/12/00), 762 So. 2d 144; double jeopardy challenges to statutes requiring the forfeiture of good time credits upon the revocation of parole, State v. Duncan, 98-1730 (La. App. 1st Cir. 6/25/99), 738 So. 2d 706 (rejecting double jeopardy challenge to forfeiture of good time credits upon revocation of parole under La. Rev. Stat. § 15:571.4); and ex post facto challenges, Tauzier v. Cain, 96-1934 (La. App. 1st Cir. 6/20/97), 696 So. 2d 650; Bancroft v. Louisiana Department of Corrections, 93-1135 (La. App. 1st Cir. 4/8/94), 635 So. 2d 738.

Generally, Petitioner's complaint seems to be that he did not receive credit against his sentence for the time he spent on parole. "However, there is no Constitutional right to the reduction of the sentence of a parole violator for time he spent on parole." Sweeney, 2009 WL 1674644, at *3 (citing Morrison v. Johnson, 106 F.3d 127, 129 n.1 (5th Cir. 1997); Newby v.

Johnson, 81 F.3d 567, 569 (5th Cir. 1996)). Petitioner's argument is therefore without merit.

Accordingly,

**IT IS HEREBY ORDERED** that the Department's *Motion for Summary Judgment* **(Rec. Doc. 24)** is **GRANTED**.

New Orleans, Louisiana this 29th day of January, 2015.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE